# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIETTA CORPORATION;<br>MICHAEL F. FLANNEGAN;<br>MARIETTA M. FLANNEGAN; IOWA<br>WORKFORCE DEVELOPMENT;<br>DISCOVER BANK; CAVALRY<br>PORTFOLIO SERVICES, LLC; and<br>CITIBANK (SOUTH DAKOTA), N.A.,<br><br>    Defendants. | No. 16-CV-3099-LTS<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT** |

_____

This matter is before the Court on the United States of America's ("plaintiff") Motion for Summary Judgment as to defendants Marietta Corporation, Michael F. Flannegan, and Marietta M. Flannegan ("defendants"). (Doc. 31). Defendants timely filed their resistance[1] (Doc. 32), and the Court heard oral argument on October 27, 2017. Although all parties subject to the instant motion consented to proceed before the undersigned (Doc. 12), this case was ultimately transferred to the Honorable Leonard T. Strand, Chief United States District Judge, for all proceedings, including final

---

[1] Although defendants filed a resistance, the resistance read, in its entirety, "COMES NOW, the defendants, Marietta Corporation, Michael F. Flannegan, and Marietta M. Flannegan and hereby file their Resistance to the Plaintiff's Motion for Summary Judgment." (Doc. 32). Defendants did not file a brief in support of the resistance, and did not otherwise comply with Fed. R. Civ. P. 56 or LR 56 in filing documents properly resisting the motion. During oral argument, defense counsel candidly acknowledged that he could not in good conscience advance any argument in opposition to the motion for summary judgment.

disposition, because other defendants did not file an answer and did not consent to me presiding over this case. Chief Judge Strand, in turn, referred the instant motion to the undersigned for a report and recommendation. For the following reasons, I respectfully recommend that that Court **grant** plaintiff's Motion for Summary Judgment as to defendants Marietta Corporation, Michael F. Flannegan, and Marietta M. Flannegan.

## I. *FACTUAL AND PROCEDURAL HISTORY*

On January 19, 2017, plaintiff filed its Amended Complaint against defendants asserting a single foreclosure claim for the property detailed in the Amended Complaint. (Doc. 16). In support thereof, plaintiff alleged that the Small Business Association ("SBA") owned a promissory note executed by defendants Marietta Corporation and Michael F. Flannegan, as President/Secretary of the Corporation, whereby those defendants "promised to pay SBA the sum of $298,600 at 4.0% per annum." (Doc. 16, at 3). Further, defendants Michael F. Flannegan and Marietta M. Flannegan executed a real estate mortgage on the subject property, owned by Michael F. Flannegan, in favor of SBA. (*Id.*).

Plaintiff further alleged that defendants failed to pay the principal and interest due on the note and mortgage when due, in violation of the terms of the note and mortgage. (*Id.*, at 5). Consequently, SBA accelerated the indebtedness and demanded payment in full; the acceleration was not appealed and no subsequent payment was received. (*Id.*).

Plaintiff now seeks an *in rem* judgment against defendants and the real property in the amount of $334,652.25, including $278,455.17 in principal, advances, and other recoverable costs, $56,197.08 in interest as of September 18, 2017, plus interest accruing thereafter in the daily amount of $30.52 per day until judgment, $400.00 for court costs, $44.32 for service fees, $50.00 for a state court recording fee, and statutory interest after judgment. (Doc. 31-1, at 1). Plaintiff filed copies of the promissory note, mortgage, applicable deeds, and default letters as attachments to its motion for summary judgment.

2

(Doc. 31-2, at 10-20). Further, plaintiff filed a declaration made by a representative of SBA attesting to defendants' default on the subject note and the authenticity of the amount plaintiff now claims is owed. (Doc. 31-2, at 21-22).

During oral argument, defense counsel acknowledged that defendants were in default and that summary judgment would be appropriate in this case.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2016). A movant must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). "An issue of material fact is genuine if it has a real basis in the record," *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted), or "when a reasonable jury could return a verdict for the nonmoving party on the question," *Wood v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (internal quotation marks and citation omitted). Evidence that presents only "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of fact genuine. In sum, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" that it "require[s] a jury or judge to resolve the parties' differing versions of the truth at trial." (*Id.* at 249 (internal quotation marks omitted)).

The party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395. Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or other evidence designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005).

In determining whether a genuine issue of material fact exists, courts must view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences that can be drawn from the facts. *Tolan*, 134 S. Ct. at 1863; *Matsushita*, 475 U.S. at 587-88 (citation omitted); *see also Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790 (8th Cir. 2009) (stating that in ruling on a motion for summary judgment, a court must view the facts "in a light most favorable to the non-moving party—as long as those facts are not so 'blatantly contradicted by the record . . . that no reasonable jury could believe' them") (alteration in original) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). A court does "not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (citation omitted). Rather, a "court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

"It is well-established that actions on promissory notes raise issues suitable for disposition on summary judgment. In a suit on a promissory note written in favor of the government, a prima facie case is established when the government introduces evidence of the promissory note, the guaranty, and the default." *United States v. Tieken*, No. 8:00CV632, 2002 WL 818233, at *3 (D. Neb. Jan. 7, 2002). Once the government

establishes a prima facie case, the burden shifts to the defendant to disprove the government's assertions. (*Id.*).

## III. DISCUSSION

As this is a foreclosure action on a promissory note owned by the government, summary judgment will be proper if plaintiff proves the existence of the promissory note and the mortgage, and further shows that defendants are in default. *Tieken*, 2002 WL 818233, at *3. Plaintiff has set forth evidence sufficient to prove its prima facie case. Namely, plaintiff has introduced the promissory note, the mortgage on the subject real property, and evidence of the default. (See Doc. 31-2, at 10-22). The burden of disproving plaintiff's allegations thus shifts to defendants. (*Id.*).

Defendants have not contested plaintiff's allegations. Indeed, during oral argument, defense counsel agreed that defendants were in default and that this was a case appropriate for summary judgment. Therefore, I find that there is no dispute as to any material fact. Further, because plaintiff has established a prima facie case, I find that plaintiff is entitled to summary judgment as a matter of law. Accordingly, I respectfully recommend that the Court **grant** plaintiff's motion for summary judgment (Doc. 31).

## IV. CONCLUSION

For the aforementioned reasons, I respectfully recommend that the District Court **grant** plaintiff's motion for summary judgment (Doc. 31).

Parties must file objections to this Report and Recommendation within fourteen (14) days of the service of a copy of this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* FED. R. CIV. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the District Court of any portion of the Report and Recommendation as well as the right to appeal

from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 2nd day of November, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa